## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN PORTER WILCOX,

    Plaintiff,

v.     No. 14-cv-0308 MV/SMV

SUSANA MARTINEZ, et al.,

    Defendants.

### ORDER DENYING [SECOND] MOITON FOR APPOINTMENT OF COUSNEL

    THIS MATTER is before the Court on Plaintiff's Amendment of Motion for Appointment of Counsel [Doc. 7], filed on April 18, 2014.   Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action.  Plaintiff originally requested appointment of counsel on March 31, 2014, [Doc. 3], but the Court denied the motion on April 4, 2014, because there was not sufficient merit or complexity in Plaintiff's claims to warrant the Court's requesting the voluntary assistance of counsel, and because Plaintiff had been adequately presenting his claims [Doc. 4].

    Now, Plaintiff clarifies that he "is unable to pay an attorney to represent [him]."   [Doc. 7] at 1.   Otherwise, Plaintiff offers no new or different ground to support his request for appointment of counsel.  *See id.*

    As the Court explained in denying Plaintiff's first motion, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases.   [Doc. 4] (citing *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989)).   In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C.

1

§ 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

At this time, the Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. Moreover, thus far, Plaintiff has been adequately presenting his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Amendment of Motion for Appointment of Counsel [Doc. 7] is **DENIED** at this time;

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**