IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN PORTER WILCOX,
JA'WAYNE HELFFERICH,
PAUL LOPEZ,
RAYMOND MARTINEZ,

    Plaintiffs,

v.                                                                    No. CV 14-0308 MV/SMV

SUSANA MARTINEZ, GREGG MARCANTEL,
JERRY ROARK, COLLEEN MCCARNEY,
JAMES FRAWNER, MANAGEMENT & TRAINING
CORPORATION, R. BENAVIDES, D. OROSCO,
VERONICA ANDRADE, DELORIS SIMMONS,
B. SANCHEZ, KOLBIE BOYD,
M. MARTINEZ, C. PASCALE, all in
official or unofficial capacity,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the civil rights complaint and various amended/supplemental pleadings (together the "complaint") filed in this action. The named Plaintiffs are incarcerated and appear pro se. Plaintiff Wilcox is proceeding in forma pauperis. Certain Defendants have answered and moved to dismiss the complaint. For reasons set out below, the complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity

to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing this pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The original complaint is not signed, but two documents filed with the complaint are in the same handwriting and are signed by Plaintiff Wilcox. As noted above, the complaint names four Plaintiffs and fourteen Defendants. The complaint consists of six Claims, based on a litany of alleged unconstitutional conditions of confinement. In summary, Plaintiff Wilcox alleges that Defendants have failed to properly classify inmates before transferring them, failed to properly segregate sex offenders and protective-custody inmates, denied inmates adequate access to legal materials and library facilities, violated grievance and appeal policies, denied inmates adequate access to medical care, and subjected inmates to substandard living conditions and pretextual disciplinary proceedings. The complaint seeks damages and certain equitable relief.

As Defendants correctly assert in their motion to dismiss (Doc. 18), the allegations in the original complaint are made exclusively on behalf of "inmates." The same is true of Plaintiff's Motion for a Preliminary Injunction (Doc. 21). In neither the complaint nor the motion for injunction does Plaintiff allege that his rights have been violated or that he has been injured by any Defendant. In their motion to dismiss, Defendants correctly argue that Plaintiff Wilcox does not have standing to prosecute the claims of inmates other than himself. *See Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990) ("[T]o the extent a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissable for failure to allege the plaintiff's standing to

proceed.") (citing *Foremaster v. City of St. George,* 882 F.2d 1485, 1487 (10th Cir. 1989)). As the Court of Appeals for the Tenth Circuit has stated recently, "the district court properly dismissed [the plaintiff]'s claims alleged on behalf of other prisoners or the general prison population because [plaintiff] lacked standing to bring them." *Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013). Plaintiff does not have standing to prosecute the claims in either the original complaint (Doc. 1) or the motion for injunction (Doc. 21). The court will dismiss these claims.

Plaintiff also filed a Motion for Certification of a Class Action (Doc. 5) and a Motion to Submit Sworn Affidavits in Support of Complaint and Plaintiff's Prayers to be Included in a Class Action (Doc. 6). The proposed affidavits are signed by the three other Plaintiffs (Martinez, Helfferich, and Lopez) that are named in the caption of the complaint. And in his Motion for Leave to File an Amended Complaint (Doc. 8), Plaintiff makes no separate allegations but asks to add the name of one additional named Plaintiff "and all other state inmates incarcerated at Otero County Prison Facility." These motions seeking leave to proceed as a class action will be denied. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming dismissal of purported class action brought by pro se plaintiff). Likewise, the Court will deny Plaintiff's Motion Requesting Additional Relief (Doc. 14), in which he asks only to modify the relief he seeks.

In Plaintiff's Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 43) and Motion to Add Additional Information (Doc. 50), he alleges that an item of mail from his wife was intercepted and returned. The stated reason for the interception (Doc. 50 p. 12) was that "Internet articles not allowed." Plaintiff asserts that this

action violated his First Amendment rights and denied him access to the Courts. As stated by the Court of Appeals for the Tenth Circuit, "we have stated that "[i]n the case of unprivileged incoming and outgoing prison mail, regulation by prison officials is 'essentially an administrative matter in which the courts will not intervene.' " *Brown v. Williams*, 36 F. App'x 361, 364 (10th Cir. 2002) (quoting *United States. v. Gordon*, 168 F.3d 1222, 1228 (10th Cir. 1999), and *Wilkerson v. Warden of U.S. Reformatory, El Reno*, 465 F.2d 956, 957 (10th Cir. 1972)). Nor did the interception of an internet article deprive Plaintiff of access to the courts. "[Plaintiff]'s failure to 'establish relevant actual injury' or otherwise allege active interference with his preparation and filing of legal documents warrants dismissal of his claim that defendants' [interception of an internet article] denied him access to the courts." *Martinez v. Johnson*, 33 F. App'x 395, 396 (10th Cir. 2002) (quoting *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996)). Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff Wilcox's Motion for Certification of a Class Action (Doc. 5), Motion to Submit Sworn Affidavits in Support of Complaint and Plaintiff's Prayers to be Included in a Class Action (Doc. 6), Motion for Leave to File an Amended Complaint (Doc. 8), Motion Requesting Additional Relief (Doc. 14), Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 43), and Motion to Add Additional Information (Doc. 50) are DENIED; Defendants' motions to dismiss (Docs. 18, 19) are GRANTED; the complaint is DISMISSED; other pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE