IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN PORTER WILCOX,
JA'WAYNE HELFFERICH,
PAUL LOPEZ,
RAYMOND MARTINEZ,

    Plaintiffs,

v.                                                                                    No. CV 14-0308 MV/SMV

SUSANA MARTINEZ, GREGG MARCANTEL,
JERRY ROARK, COLLEEN MCCARNEY,
JAMES FRAWNER, MANAGEMENT & TRAINING
CORPORATION, R. BENAVIDES, D. OROSCO,
VERONICA ANDRADE, DELORIS SIMMONS,
B. SANCHEZ, KOLBIE BOYD,
M. MARTINEZ, C. PASCALE, all in
official or unofficial capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Wilcox's post-judgment motion for leave to file an amended complaint (Doc. 60) and his motion regarding exhaustion of administrative remedies (Doc. 61), both filed on January 20, 2015.[1] Eight days before the motions were filed, on January 12, 2015, the Court entered an order and judgment (Docs. 58, 59) dismissing the complaint and this action. On February 5, 2015, Plaintiff filed his notice of appeal (Doc. 64) from the judgment of dismissal, and on August 26, 2015, the Court of Appeals for the Tenth Circuit dismissed the appeal. *See Wilcox v. Martinez*, No. 15-2022 (10th Cir. Aug. 26, 2015). The Court will dismiss Plaintiff's motions as moot.

As a starting point, it appears that Plaintiff's appeal did not preclude this Court's consideration of his motions. "[A] notice of appeal confers jurisdiction on the court of appeals

---

[1] Plaintiff states (ECF Docs. 60, p. 6; 61, p. 2) that he placed the motions in the prison mail system on January 15, 2015. On the Court's electronic docket, the scanned image of the envelope containing Plaintiff's motions (ECF Doc. 60, p. 7) does not show the date that the motions were actually mailed from prison.

while divesting the district court of those matters on appeal." *Burns v. Buford*, 448 F. App'x 844, 847 (10th Cir. 2011). "To be sure, an effective notice of appeal does not prohibit all later action in the case by the district court. Under the Federal Rules the district court can proceed to resolve some matters simultaneously with the appellate court's consideration of the appeal." *United States v. Madrid*, 633 F.3d 1222, 1226-27 (10th Cir. 2011) (citing *Stewart v. Donges*, 915 F.2d 572, 575 n. 3 (10th Cir. 1990) (tangential matters); *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (collateral matters)). "In addition. . . . [d]istrict courts . . . may address 'matters that are [not] comprehended within the appeal.' " *Madrid*, 633 F.3d at 1226-27 (internal citations omitted). The dismissal orders in this case, which were entered before Plaintiff filed his motions, clearly did not rule on or otherwise comprehend the motions. The Court, therefore, may address these motions.

The mootness doctrine requires that Plaintiff's motions be dismissed. "Inasmuch as the court had already entered its final judgment in this case, we affirm the district court's denial of [plaintiff]'s motion [to amend] as moot." *Blythe v. Southwest Airlines Co.*, 383 F. App'x 766, 769 (10th Cir. 2010). On the other hand, the Court could allow amendment of a dismissed complaint if the dismissal judgment were set aside. *See Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) (per curiam) ("[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b))," *quoted in Pappas v. United States*, --- F. App'x. ----, 2015 WL 3621489, at *3 (10th Cir. June 11, 2015). Here, it is clear that Plaintiff's post-judgment motions do not attack the dismissal of his complaint. Plaintiff placed the motions in the prison mail three days after the Court entered the dismissal orders, and the motions make no mention of the dismissal. The Court declines to construe Plaintiff's motions as seeking relief from judgment. Because Plaintiff's appeal has been

dismissed and this Court's judgment remains in force, Plaintiff's motions to amend and present evidence of exhaustion are moot and will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's post-judgment motion for leave to file an amended complaint (Doc. 60) and his motion regarding exhaustion of administrative remedies (Doc. 61), both filed on January 15, 2015, are DISMISSED as moot.

_____
UNITED STATES DISTRICT JUDGE